## FLSA SETTLEMENT AGREEMENT AND WAIVER AND RELEASE OF CLAIMS

**THIS SETTLEMENT AGREEMENT AND WAIVER AND RELEASE OF CLAIMS** (hereinafter referred to as "Agreement") is entered into by and between Oscar A. Calderon (hereinafter referred to as "Plaintiff"), and Miami Cuban Link Jewelry Inc., Mark Haimov, and Roza Haimov (hereinafter referred to as "Defendants"). Defendants and Plaintiff shall collectively be referred to as the "Parties". Individually, the Parties may be referred to as "Party."

**WHEREAS,** Plaintiff has alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter referred to as "FLSA") against Defendants in a lawsuit styled <u>Calderon v. Miami Cuban Link Jewelry, Inc. Mark Haimov, and Roza Haimov</u>, Case No. 1:21-cv-23514-BB, brought in the United States District Court for the Southern District of Florida (hereinafter referred to as "Lawsuit" or "the Lawsuit"); and

**WHEREAS,** Defendants have denied and do deny each and every allegation alleged by Plaintiff against Defendants; and

**WHEREAS,** the Parties desire to resolve fully and finally their dispute under the FLSA in an amicable manner without the difficulties and expenses involved in further litigation, and further, the parties wish to set forth their complete agreement; and

**NOW, THEREFORE**, the Parties for good and sufficient consideration agree as follows:

1. The Parties adopt and incorporate the terms of the above WHEREAS recitals as if fully set forth herein as substantive terms of the Parties' Agreement.

2. Defendants acknowledge and agree that they shall pay Plaintiff the sum total of Thirty Thousand Dollars and Zero Cents ($30,000.00) in full and final settlement of Plaintiff's claims under the Fair Labor Standards Act. This amount shall be paid as follows:

(a) One check made payable to Oscar Calderon in the amount of $10,250.00, less legally required deductions, representing alleged wages, pursuant to an IRS W-2 Form,
(b) One check made payable to Oscar Calderon in the amount of $10,250.00, representing alleged liquidated damages, from which no deductions shall be made, pursuant to an IRS 1099 Form, and
(c) One check made payable to PereGonza, The Attorneys, in the amount of Nine Thousand and Five Hundred Dollars and Zero Cents $9,500.00, of which $9,000 represent attorney's fees and $500.00 represent costs, for which a 1099 will be issued.

Defendants and Plaintiff agree that Defendants shall make payment of the amounts referenced in Section 2 above within thirty (30) days of receipt by Defendants of this executed Agreement by Plaintiff and receipt by Defendants of Plaintiff's completed W-4 and W-9 forms and his counsel's completed W-9 form. All payments shall be sent to Plaintiff's attorney, PereGonza, The Attorneys, at:

> PereGonza, The Attorneys, PLLC
> c/o Nathaly Saavedra, Esq.
> 1414 NW 107th Ave., Suite 302
> Doral, FL 33172

3. The Parties agree that neither Plaintiff nor PereGonza, the attorneys shall disburse, negotiate, or deposit the sums to be paid by Defendants until such time as the Agreement is approved by the Court.

4. The Parties acknowledge that the attorney's fees and costs to be paid to PereGonza, the attorneys were negotiated separate and apart from the amounts to be paid to Plaintiff.

5. The parties agree that the above-described amount constitutes a fair settlement of the disputed issues in this action, it is a settlement of all amounts purportedly owed to Plaintiff pursuant to his claims under the FLSA, and that it is their intention to resolve all matters pertaining to such claims, known or unknown, through this Settlement Agreement.

6. The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit, presently pending in the United States District Court for the Southern District of Florida. If the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and entitled lawsuit is not dismissed with prejudice after the parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void.

7. Plaintiff acknowledges that Defendants make no warranty concerning the tax treatment of any sums paid hereunder and that Plaintiff has not relied upon any such warranty. Plaintiff agrees that he has had the opportunity to consult with a professional tax advisor, if he so chose, regarding the tax treatment of the amounts set forth under Section 2 of this Agreement. Plaintiff agrees that he will be ultimately responsible for any income tax or other tax liability, which may be imposed on any amounts paid pursuant to Section 2 of this Agreement. Plaintiff also agrees to indemnify Defendants and each of the other Releasees against and hold Defendants and each of the other Releasees harmless from any and all liability, fines, penalties, attorney's fees, costs, and/or interest, incurred by Defendants and/or any of the other Releasees as a result of any failure to withhold any taxes imposed by any federal, state or local taxing authority from the amounts paid pursuant to Section 2 of this Agreement. However, nothing herein shall cause Plaintiff to indemnify Defendants or any of the other Releasees, or hold Defendants or any of the other Releasees harmless from, any liability, fines, penalties, fees, costs, or interest with respect to the payment referenced in subsection 2(a) above as long as the W-4 provided by Plaintiff, and upon which Defendants have relied in making the deductions from the payment referenced in subsection 2(a) above, is accurate and correct for purposes of payment pursuant to this Agreement.

8. Neither this Agreement nor anything contained herein shall be construed as an admission by Defendants and/or any of the Releasees of any liability, including, but not limited to, any alleged violation of federal, state or local law; any alleged violation of a common law cause of action; any alleged breach of contract; or any other allegedly unlawful conduct whatsoever.

9. The Parties agree and acknowledge that notwithstanding anything to the contrary in this Agreement, their respective promises in this Agreement are contingent upon the mutual execution of this Agreement and the Court approving this Agreement.

10. The Parties agree that if a breach of the promises in this Agreement is proven by one of the Parties, the breaching Party agrees to pay the reasonable attorney's fees and expenses and costs incurred by the non-breaching Party as a result of such breach.

11. Plaintiff represents and acknowledges that in executing this Agreement he does not rely, and has not relied, upon any representations or statements made by Defendants and/or any of the other Releasees, or any of their agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

12. The Parties agree that as used in this Agreement, the singular or plural number shall be deemed to include, replace, or supplant the other whenever the context so indicates or requires. The Parties agree that reference to one gender shall be deemed to include, replace, or supplant the other whenever the context so indicates or requires.

13. The Parties agree that this Agreement is the entire Agreement between them and represents their full and complete understanding with respect to the terms hereof. No prior or contemporaneous oral or written agreements may be offered to alter the terms of this Agreement. This Agreement shall be binding upon the Parties hereto and the Parties' heirs, successors and assigns. This Agreement may not be modified, amended or waived except in writing signed by all Parties.

14. This Agreement may be executed through the use of separate signature pages in multiple originals and in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same Agreement, binding on all Parties, notwithstanding that all Parties are not signatories to the same counterpart. The Parties agree that a copy of their signatures, even in counterparts, shall have the same force and effect as an original and shall make this Agreement binding and enforceable.

15. Plaintiff agrees that this Agreement shall be construed as jointly prepared by the Parties so that any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other. This Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiff and Defendants.

16. Plaintiff acknowledges that he has been given sufficient time in which to consider the terms of this Agreement, that he understands this Agreement, and that he has not been coerced or pressured into entering into this Agreement.

Date: 12 03 2021

_____
Oscar Calderon- Signature

Date: 12.8.21          By: _____
                            Miami Cuban Link Jewelry, Inc.

                           _____
                            Mark Haimov

                           _____
                            Roza Haimov